# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 23, 2023
Lyle W. Cayce
Clerk

No. 23-60178

TASHA MERCEDEZ SHELBY,

    *Petitioner—Appellant,*

*versus*

BURL CAIN, *Commissioner, Mississippi Department of Corrections*; MARC MCCLURE, *Superintendent of Central Mississippi Correctional Facility*,

    *Defendants—Respondents.*

---

Application for Certificate of Appealability
the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CV-406

---

UNPUBLISHED ORDER

Before JONES, HIGGINSON, and HO, *Circuit Judges*.
PER CURIAM:

    Tasha Mercedez Shelby, Mississippi prisoner # K3079, seeks a certificate of appealability (COA) to appeal the district court's dismissal of her 28 U.S.C. § 2254 application as untimely. Shelby filed the application to challenge her life sentence for capital murder. She contends that she is entitled to statutory tolling, pursuant to 28 U.S.C. § 2244(d)(1)(D), due to changed scientific evidence and opinion regarding a diagnosis of shaken baby

No. 23-60178

syndrome. She further contends that she is entitled to statutory and equitable tolling due to her case file, including pertinent medical records, being destroyed in Hurricane Katrina. Finally, Shelby contends that newly discovered evidence demonstrates that she is actually innocent of capital murder.

To obtain a COA, Shelby must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court's denial of federal habeas relief is based on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Shelby has not made the requisite showing. *See Slack*, 529 U.S. at 484. As such, we do not reach the issue of whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020). Accordingly, Shelby's request for a COA is DENIED.



Certified as a true copy and issued
as the mandate on Sep 14, 2023

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit